# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10502
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-240-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kevin Johnson pleaded guilty to possession of cocaine with intent to distribute and was sentenced to an above-guidelines sentence of 180 months in prison to be followed by a three-year term of supervised release. He now challenges the district court's application of an enhancement for possession of a dangerous weapon, U.S.S.G. § 2D1.1(b)(1), and an enhancement for maintaining a premises for drug trafficking, U.S.S.G. § 2D1.1(b)(12). He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10502

further asserts that his above-guidelines sentence is substantively unreasonable.

We review sentences for "any significant procedural error" and, if there is no such error, substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). The district court's application of the Guidelines is reviewed de novo, and its fact findings are reviewed for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). The determination that application of either challenged enhancement is warranted is a factual finding that will be upheld as long as it is plausible in light of the record as a whole. *United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017); *United States v. Romans*, 823 F.3d 299, 317, 321 (5th Cir.), *cert. denied*, 137 S. Ct. 195 (2016).

The district court did not clearly err in applying the dangerous weapons enhancement. Three firearms were present at a residence where Johnson was actively engaging in drug trafficking. Accordingly, there was a temporal and spatial relationship of Johnson, the firearms, and the drug trafficking offense, which suffices to establish possession. *See Romans*, 823 F.3d at 317. Because the Government met its burden of proving possession, the burden shifted to Johnson to show that it was clearly improbable that the firearms were connected to his trafficking of cocaine. *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010*).* He has not made the requisite showing, as his arguments regarding ownership and operability are without merit. *See United States v. Mitchell*, 31 F.3d 271, 277-78 (5th Cir. 1994); *see also United States v. Jacquinot*, 258 F.3d 423, 431 (5th Cir. 2010).

Johnson's challenge to the drug premises enhancement also lacks merit. The facts set forth in the presentence report, and the reasonable inferences

drawn therefrom, establish that Johnson regularly used the residence as a base for his drug trafficking, coming and going as he pleased. Moreover, he possessed a key to the residence and a key to a locked closet in a bedroom of the residence that he occupied when he was present. That Johnson did not rent or own the residence does not defeat application of the enhancement, and the district court's determination that Johnson maintained the residence for the purpose of drug trafficking is plausible in light of the record as a whole. *See Guzman-Reyes*, 853 F.3d at 265.

In reviewing the substantive reasonableness of a sentence where error has been preserved, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range" and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Here, it is not clear that Johnson preserved his challenge to the substantive reasonableness of his sentence. However, we need not decide the issue because his challenge fails under the more lenient abuse-of-discretion standard of review.

The district court heard and considered Johnson's argument in favor of a sentence within the advisory guidelines range. The district court concluded that, nonetheless, Johnson's personal and criminal history, the nature of the

offense, and the likelihood that Johnson would reoffend warranted an upward variance. The reasons given by the district court correspond to the § 3553(a) factors, such as the need for deterrence and the need to protect the public from further crimes of the defendant, and provide a sufficient justification for an upward variance of 18 months. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011).

AFFIRMED.